The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543
Dear Representative Thurman:
This is in response to your request for an opinion on the following two questions regarding Act 1230 of 1993, which requires certain state agencies to remit quarterly to the state treasurer an amount equal to 1.5% of the total expenditure from their cash funds:
 (1) Are the cash funds held by constitutional officers among those which are defined under Arkansas Code 19-4-801?
 (2) Does Act 1230 of 1993 require constitutional officers to make the quarterly remittance prescribed by this Act?
In my opinion, the answer to both of your questions is "no" as to most constitutional officers.
Act 1230 of 1993 provides, in pertinent part:
 Section 1. For the purpose of this Act, the term "state agency" shall include all boards, commissions, departments, agencies, institutions, offices or officers, and any other office or unit of the State of Arkansas created or established pursuant to law or pursuant to any action of the Governor, functioning under appropriation of the General Assembly or functioning as a representative of the State of Arkansas without appropriation of the General Assembly. "State agency" shall not include the Department of Education and any of its divisions, community colleges and branches thereof, universities and branches thereof, technical colleges, technical institutes, post-secondary vocational technical schools and comprehensive lifelong learning centers. "State Agency" shall not include the Office of Commissioner of State Lands, or the Department of Parks and Tourism.
 Each state agency, whose annual income or revenue as reflected by the previous fiscal year's audit exceeds twenty-five thousand dollars ($25,000), shall remit by check on the first day of each calendar quarter to the State Treasurer an amount equal to one and one-half per cent (1 1/2%) of the total expenditures of the previous calendar quarter from those cash funds as defined under Arkansas Code § 19-4-801, excluding funds received from the federal government or those held in trust by the state agency or those funds of the various state retirement systems. The State Treasurer shall deposit each check as a non-revenue receipt to the credit of the State Central Services Fund in order to provide financial support for certain required administrative functions of State Government.
Stated simply, the Act requires certain state agencies who expend cash funds as defined under A.C.A. § 19-4-801 (1987) to remit quarterly to the state treasurer a check for one and one-half percent of the total expenditure from those cash funds.
In response to your first question, it is my opinion that the cash funds held by most constitutional officers are not among those defined in A.C.A. § 19-4-801. Section 19-4-801 defines "cash funds" to mean "all moneys, negotiable instruments, certificates of indebtedness, stocks, and bonds held by or ownedby any state agency which are not on deposit with or in the trust of the State Treasurer." The constitutional offices of Governor, Secretary of State, Attorney General, State Treasurer, State Auditor, and Commissioner of State Lands, however, are specifically excluded from the definition of "state agency" in §19-4-801. Thus, the cash funds of these constitutional officers cannot be considered to be among the cash funds defined in that section.
Your second question, whether Act 1230 requires constitutional officers to make the prescribed quarterly remittance, requires more careful analysis. By defining the term "state agency" therein to include "all . . . offices or officers," it is arguable that the legislature may have intended Act 1230 to encompass and apply to constitutional officers. Cf. Opinion No.93-146, a copy of which is enclosed. The legislature went on, however, to provide that the one and one-half percent remittance is to be made on expenditures "from those cash funds as defined under Arkansas Code § 19-4-801." As noted above, § 19-4-801, by its own definition, does not address cash funds maintained by the Governor, Secretary of State, Attorney General, State Treasurer, State Auditor or the Commission of State Lands. In order to read all parts of Act 1230 harmoniously, therefore, the 1.5% quarterly remittance requirement would only apply to "officers or offices" who maintain cash funds as defined in A.C.A. § 19-4-801. Such offices might include the Lieutenant Governor, various legislative offices and other "offices" which are created by executive or legislative action but which do not enjoy constitutional status. Because the only cash funds from which expenditures can trigger Act 1230 remittances are those defined at A.C.A. § 19-4-801, it follows that only agencies maintaining §19-4-801 funds are affected by the 1993 Act. The Governor, Secretary of State, Attorney General, State Treasurer, State Auditor and the Commissioner of State Lands, not being covered by A.C.A. § 19-4-801, are likewise not subject to Act 1230 of 1993.
This conclusion is buttressed by the rule of statutory construction which provides that when an enactment refers to a specific section of another statute, that part of the statute is applied as though written into the reference statute. SutherlandStatutory Construction § 51.08 (5th ed. 1992). In my opinion, Act 1230's specific and exclusive reference to § 19-4-801 cash funds indicates that only those "officers" whose cash funds are among those defined in § 19-4-801 are required to make the prescribed quarterly remittance. In sum, although Act 1230 might apply to some "officers" who expend § 19-4-801 cash funds, I am reluctant to conclude that it applies to the constitutional officers whose cash funds are specifically excluded from those defined in § 19-4-801. Based upon the language of the Act, it is my opinion that a court would share this view.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure